IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 98-00311-01-CR-W-GAF |
| EDWIN R. HINESTROZA, | ) ) | |
| Defendant. | ) ) | |

ORDER

This matter is currently before the Court on Defendant Hinestroza's Motion for a Bill of Particulars With Respect to Aggravating Factors.

I. INTRODUCTION

On December 16, 1998, the Grand Jury returned a three count indictment against defendants Edwin R. Hinestroza, German C. Sinisterra, Arboleda A. Ortiz, Plutarco Tello and Percy L. Smith. On March 25, 1999, a superseding indictment was filed adding defendant Fabio Montano. On August 9, 1999, a second superseding indictment was filed. Defendants Smith and Montano were dismissed without prejudice pursuant to the Government's motion on August 30, 1999. Defendants Sinisterra, Ortiz and Tello went to trial and were convicted. On November 18, 2003, a third superseding indictment was filed against previous defendants Hinestroza, Smith and Montano, and additional defendants Shelly Anderson and Airton Mosquera. Defendant Hinestroza initially appeared in this Court on March 1, 2004. A fourth superseding indictment was returned on March 9, 2004, which added a notice of special findings as to defendant Hinestroza. Defendants Smith, Anderson and Mosquera entered guilty pleas. Defendant Montano's trial was severed from that of defendant Hinestroza. Defendant Montano was convicted on May 27, 2005.

The Fourth Superseding Indictment charges in part:

COUNT TWO

That on or about November 28, 1998, in the Western District of Missouri, EDWIN R. HINESTROZA, defendant herein, aiding and abetting another or others,

did knowingly use and carry a firearm during and in relation to a drug-trafficking crime, which may be prosecuted in a court of the United States, that is, conspiracy to distribute cocaine, as alleged in Count One of this Indictment, and which is incorporated herein, and in so doing, the defendant, EDWIN R. HINESTROZA, committed murder and caused murder to be committed as defined in Title 18, United States Code, Section 1111, that is, the unlawful killing of Julian Colon, with malice aforethought, such murder being willful, deliberate, malicious, premeditated and committed in the perpetration of a drug-trafficking crime, all in violation of Title 18, United States Code, Sections 924(c)(1) and (j)(1) and 2.

## COUNT THREE

That on or about November 28, 1998, in the Western District of Missouri, and elsewhere, EDWIN R. HINESTROZA, defendant herein, aiding and abetting another or others, did knowingly travel in interstate commerce, that is, from the State of Kansas to the State of Missouri, and cause another, that is, Julian Colon, to travel in interstate commerce, that is, from the State of Kansas to the State of Missouri, with the intent that a murder be committed, in violation of the laws of the State of Missouri, as consideration for the receipt of, and as consideration for a promise or agreement to pay anything of pecuniary value, that is, $3,000, resulting in the death of Julian Colon; all in violation of Title 18, United States Code, Section 1958 and Title 18, United States Code, Section 2.

\* \* \*

## NOTICE OF SPECIAL FINDINGS

The allegations contained in Counts Two and Three of this Indictment are realleged and are incorporated by reference herein for the purpose of putting defendant, EDWIN R. HINESTROZA, on notice of Special Findings found to exist as to his participation in the alleged offenses described in Counts Two and Three of this indictment.

As to Counts Two and Three of this indictment, the defendant, EDWIN R. HINESTROZA:

\* \* \*

III.  Aggravating Factors:[1]

    A.  Statutory Factors:

        (1)  Committed the offenses described in Counts Two and Three in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to Julian Colon. (Title 18, United States Code, Section 3592(c)(6));

---

[1] The Notice of Intent to Seek the Death Penalty also includes the listed aggravating factors. (See Notice of Intent to Seek the Death Penalty at C. and D.)

2

(2) procured the commission of the offense described in Counts Two and Three by payment, or promise of payment, of anything of pecuniary value, that is, the payment of money. (Title 18, United States Code, Section 3592(c)(7));

(3) committed the offense in Counts Two and Three after substantial planning and premeditation. (Title 18, United States Code, Section 3592(c)(9));

(4) during the offense in Counts Two and Three attempted to kill more than one person in a single criminal enterprise. (Title 18, United States Code, Section 3592(c)(16)); and

B. Non-Statutory Factor:

Poses a threat of future dangerousness, based upon the probability that he would commit criminal acts of violence that would constitute a continuing threat to society, as evidenced for example, by one or more of the following, among others:

(1) he has displayed a complete lack of remorse for the killing of Julian Colon;

(2) he used physical force and threats of violence to collect drug debts and enforce discipline within his drug organization;

(3) he remained a fugitive from justice for in excess of five (5) years; and

(4) when ultimately arrested on February 3, 2004, he was still in the business of trafficking narcotics, as evidenced by his possession of in excess of eight (8) kilograms of cocaine, thirty (30) ounces of heroin, $81,000.00 in United States currency, and a semi-automatic handgun. (Title 18, United States Code, Section 3592(c)).

(Fourth Superseding Indictment at 2-3, 4 and 6-7)

## II. PARTICULARS REQUESTED

Defendant Hinestroza seeks to require the Government to provide the following information:

A. Statutory Factor: Especially Heinous, Cruel or Depraved Manner

1. Identify with specificity all acts allegedly committed by Mr. Hinestroza which show that the murder was committed in an especially heinous, cruel or depraved manner.

2. Identify with specificity all acts allegedly committed by Mr. Hinestroza which constitute torture or serious physical abuse to the

3

victim.

3. Identify with specificity all acts allegedly committed by individuals other than Mr. Hinestroza that the Government intends to introduce with regard to this aggravating factor.

B. Statutory Factor: Pecuniary Gain

1. Identify with specificity the facts which demonstrate that Mr. Hinestroza procured the commission of the offense described in Counts Two and Three by payment, or the promise of payment, of anything of pecuniary value.

2. Identify all facts which show any payments made by Mr. Hinestroza and the receipt of such payments, including the identity of the individual(s) receiving such payments.

3. Identify all facts which show payments made by any other individuals on behalf of Mr. Hinestroza, including the identity of the individual(s) making any such payments and the individual(s) receiving any such payments.

4. Identify all facts which show promises made by Mr. Hinestroza to pay money, including the identity of any such individuals who this promise was made to, the date the promise was purportedly made, and whether other individuals were witnesses to, or heard, the promise being made.

C. Statutory Aggravating Factor: Substantial Planning and Premeditation

1. Identify with specificity all facts which show that Mr. Hinestroza committed the offenses in Counts Two and Three after substantial planning and premeditation.

D. Statutory Factor: Multiple Attempted Killings

1. Describe each act that Mr. Hinestroza personally committed which would show an attempt to kill more than one person.

E. Non-Statutory Factor: Future Dangerousness

1. Describe any other examples not listed in the indictment of future dangerousness, as the indictment alleges "as evidenced for example, by one or more of the following, among others" (emphasis in original).

2. Describe any statements, actions or other evidence that demonstrates that Mr. Hinestroza has displayed a lack of remorse.

3. Describe each act of "physical force" and each "threat of violence" used by Mr. Hinestroza to collect drug debts and enforce discipline within his drug organization.

4

(Defendant Hinestroza's Motion for a Bill of Particulars With Respect to Aggravating Factors at 8-10)[2]

In its response, the Government advised that all of the evidence upon which it will rely to establish its case in aggravation has already been provided in discovery to the defendant. (Government's Response in Opposition to Defendant's Motion for Bill of Particulars With Respect to Aggravating Factors at 2) Further, the Government advised that the bulk of the evidence upon which it will rely was previously presented in the trial of defendant Hinestroza's co-conspirators. (Id.)

In his reply brief, defendant Hinestroza states:

> With respect to the alleged aggravating factors concerning substantial planning and premeditation, pecuniary gain, multiple attempted killings, and that the murder was committed in an especially heinous and cruel manner, the Government is correct that some of the discovery and the evidence adduced at codefendant trials touch upon these factors to varying degrees. The defendant requested the bill of particulars to ensure that the defendant had proper notice of the government's theories in this regard, especially if there was additional evidence or witnesses not previously disclosed in discovery or in the trials of codefendants. The defendant will accept the representations of the Government in this regard in good faith and will assume that all evidence concerning these aggravating factors has been previously disclosed in discovery or adduced at the trials of Sinisterra, Tello, Ortiz and Montano.

(Defendant's Reply at 2-3)

Based on the foregoing, the only remaining particulars requested are those set forth above at II.E. Non-Statutory Factor: Future Dangerousness.

### III. DISCUSSION

The granting of a bill of particulars is within the Court's discretion. See Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Stephenson, 924 F.2d 753, 762 (8th Cir.), cert. denied, 502 U.S. 813 (1991); United States v. Garrett, 797 F.2d 656, 665 (8th Cir. 1986). The denial of a motion for a bill of particulars does not constitute an abuse of discretion unless deprivation of

---

[2] Defendant's motion also requested particulars as to Non-Statutory Factor: Victim Impact. (Id. at 10-11) This non-statutory factor has been stricken so this portion of defendant's motion is no longer at issue. (See Order (doc #1132) and Defendant's Reply at 3)

the information sought will lead to surprise at the trial resulting in prejudice to the defendant's substantial rights. See United States v. Arenal, 768 F.2d 263, 268-69 (8th Cir. 1985).

The primary purposes of a bill of particulars are: (1) to inform the defendant of the nature of the charges against him; and (2) to minimize the element of surprise at trial. See United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994); United States v. Garrett, 797 F.2d 656, 665 (8th Cir. 1986); United States v. Arenal, 768 F.2d 263, 268 (8th Cir. 1985). A bill of particulars may also be used to enable a defendant to obtain sufficient information about a charge so that the defendant can plead his conviction or acquittal as a bar to another prosecution. See United States v. Buffington, 578 F.2d 213, 214 (8th Cir. 1978).

A motion for a bill of particulars is not to be used for discovery purposes. See United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). Likewise, a motion for a bill of particulars should not be used to acquire evidentiary details. See United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Smallwood, 443 F.2d 535, 540 (8th Cir.), cert. denied, 404 U.S. 853 (1971). Nor should it be used to require the Government to explain its legal theories of the case. See United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983); United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir.), cert. denied, 449 U.S. 1015 (1980).

Applying these principles to this case, the Court concludes that a bill of particulars is necessary as to defendant's remaining three requests listed under II.E. Non-Statutory Factor: Future Dangerousness. The Court will address each of these requests.

> A. Describe any other examples not listed in the indictment of future dangerousness, as the indictment alleges "as evidenced for example, by one or more of the following, among others."

As set forth in United States v. Davis, 1996 WL 6997, *1 (E.D. La. Jan. 5, 1996), "the use of 'among others' in lieu of listing specific acts does not meet the notice requirement of the death penalty statute." To the extent that the Government has other examples of evidence to support the non-statutory aggravating factor of future dangerousness, it should provide defendant with this information.

B. Describe any statements, actions or other evidence that demonstrates that Mr. Hinestroza has displayed a lack of remorse.

Defendant argues that despite the Government's representation that all of the evidence upon which it will rely to establish its case in aggravation has already been provided in discovery, the defense has not reviewed any evidence in the open file discovery demonstrating an alleged lack of remorse nor was any evidence adduced at the trials of the co-defendants relating to defendant Hinestroza's lack of remorse. (Defendant's Reply at 2)

In response to another motion, the Government set forth the following evidence (which it stated was not an exhaustive listing) that it intends to present to establish defendant Hinestroza's lack of remorse:

> The government will present evidence in the trial of Hinestroza that he disposed of Mr. Colon's body and Mr. Borja in the trunk of Borja's car, which was left at Swope Park. He then fled Kansas City after the murder with Monica Osma, the victims' sister and aunt, and displayed no remorse through his demeanor in the two days they spent driving down to Texas. Further, the government will present evidence that Hinestroza kept trafficking in narcotics after the murder, a factor which would show lack of remorse on his part.

(Government's Response to Defendant's Motion to Strike Certain Alleged Aggravating Factors on the Grounds of Overbreadth, Vagueness, and Relevance at 3)

To the extent that the Government has discovery to support this proposed evidence which has not been provided to defendant, it should produce it.

C. Describe each act of "physical force" and each "threat of violence" used by Mr. Hinestroza to collect drug debts and enforce discipline within his drug organization.

Defendant argues that despite the Government's representation that all of the evidence upon which it will rely to establish its case in aggravation has already been provided in discovery, the defense has not reviewed any evidence in the open file discovery demonstrating defendant Hinestroza's use of physical force and threats of violence to collect drug debts and enforce discipline within his drug organization nor was any evidence adduced at the trials of the co-defendants directly relating to this factor. (Defendant's Reply at 2)

To the extent that the Government intends to introduce evidence other than the alleged

7

violence against Mr. Colon and Mr. Borja during the penalty phase of the trial, it must specify what "other acts" it intends to present, as well as the dates of these acts. See United States v. Glover, 43 F.Supp.2d 1217, 1227-28 (D. Kan. 1999)("When the government seeks to introduce unadjudicated misconduct evidence during the guilt phase of a trial, it must specify what "other acts" it intends to present. ... While the death penalty statute may not explicitly require such notice to be given, formulating such a procedure is an appropriate exercise of this court's inherent authority."

## IV. CONCLUSION

Given defense counsel's representations to the Court that they have no information demonstrating defendant Hinestroza's alleged lack of remorse nor his use of physical force and threats of violence to collect drug debts and enforce discipline within his drug organization[3] and the Government's failure to specify any such information that has been provided to defense counsel, the Court must conclude that defendant has not been fairly apprised of these aggravating factors. Based on the foregoing, it is

ORDERED that Defendant Hinestroza's Motion for a Bill of Particulars With Respect to Aggravating Factors (doc #1090) is granted in part as set forth above. It is further

ORDERED that the Government shall provide defendant Hinestroza with the granted particulars by October 21, 2005.

                                                          */s/ Sarah W. Hays*
                                                         SARAH W. HAYS
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] (See Defendant Hinestroza's Motion for a Bill of Particulars With Respect to Aggravating Factors at 6-7)